William L. Wallander (Texas Bar No. 20780750)
Matthew D. Struble (Texas Bar No. 24102544)
Kiran Vakamudi (Texas Bar No. 24106540)
**VINSON & ELKINS LLP**
2001 Ross Avenue, Suite 3900
Dallas, TX 75201
Tel:  214.220.7700
Fax: 214.999.7787
bwallander@velaw.com; mstruble@velaw.com;
kvakamudi@velaw.com
**PROPOSED ATTORNEYS FOR THE DEBTORS
AND DEBTORS IN POSSESSION**

David S. Meyer (*pro hac vice* pending)
Lauren R. Kanzer (*pro hac vice* pending)
**VINSON & ELKINS LLP**
1114 Avenue of the Americas, 32nd Floor
New York, NY 10036
Tel:  212.237.0000
Fax: 212.237.0100
dmeyer@velaw.com; lkanzer@velaw.com

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | Case No. 24-80045-11 |
| | § | |
| **KIDKRAFT, INC.** | § | (Chapter 11) |
| | § | |
| Debtor. | § | |
| | § | |
| Tax I.D. No. 75-2293303 | § | |
| | § | |
| | § | Case No. 24-80046-11 |
| In re: | § | |
| | § | (Chapter 11) |
| **KIDKRAFT EUROPE, LLC** | § | |
| | § | |
| Debtor. | § | |
| | § | |
| Tax I.D. No. 26-4153174 | § | |
| | § | |
| In re: | § | Case No. 24-80047-11 |
| | § | |
| **KIDKRAFT INTERMEDIATE** | § | (Chapter 11) |
| **HOLDINGS, LLC** | § | |
| | § | |
| Debtor. | § | |
| | § | |
| Tax I.D. No. 47-4398800 | § | |
| | § | |

| | | |
|---|---|---|
| In re: | § | **Case No. 24-80048-11** |
| | § | |
| **KIDKRAFT INTERNATIONAL** | § | **(Chapter 11)** |
| **HOLDINGS, INC.** | § | |
| | § | |
| Debtor. | § | |
| | § | |
| Tax I.D. No. 26-4152933 | § | |
| | § | |
| In re: | § | **Case No. 24-80049-11** |
| | § | |
| **KIDKRAFT PARTNERS, LLC** | § | **(Chapter 11)** |
| | § | |
| Debtor. | § | |
| | § | |
| Tax I.D. No. 26-4153268 | § | |
| | § | |
| In re: | § | **Case No. 24-80050-11** |
| | § | |
| **KIDKRAFT INTERNATIONAL IP** | § | **(Chapter 11)** |
| **HOLDINGS, LLC** | § | |
| | § | |
| Debtor. | § | |
| | § | |
| Tax I.D. No. 80-0341841 | § | |
| | § | |
| In re: | § | **Case No. 24-80051-11** |
| | § | |
| **SOLOWAVE DESIGN CORP.** | § | **(Chapter 11)** |
| | § | |
| Debtor. | § | |
| | § | |
| Tax I.D. No. 75-3269294 | § | |
| | § | |
| In re: | § | **Case No. 24-80052-11** |
| | § | |
| **SOLOWAVE DESIGN HOLDINGS** | § | **(Chapter 11)** |
| **LIMITED** | § | |
| | § | |
| Debtor. | § | |
| | § | |
| **Canadian Business No. 836770206** | § | |
| | § | |

2

| | | |
|---|---|---|
| **In re:** | § | **Case No. 24-80053-11** |
| | § | |
| **SOLOWAVE DESIGN INC.** | § | **(Chapter 11)** |
| | § | |
| Debtor. | § | |
| | § | |
| **Canadian Business No. 854863073** | § | |
| | § | |
| **In re:** | § | **Case No. 24-80054-11** |
| | § | |
| **SOLOWAVE DESIGN LP** | § | **(Chapter 11)** |
| | § | |
| Debtor. | § | |
| | § | |
| **Canadian Business No. 834127201** | § | |
| | § | |
| **In re:** | § | **Case No. 24-80055-11** |
| | § | |
| **SOLOWAVE INTERNATIONAL INC.** | § | **(Chapter 11)** |
| | § | |
| Debtor. | § | |
| | § | |
| **Canadian Business No. 884734302** | § | |
| | § | |

## <u>EMERGENCY</u> MOTION FOR ENTRY OF AN ORDER
## DIRECTING JOINT ADMINISTRATION OF THE DEBTORS' CHAPTER 11 CASES

**EMERGENCY RELIEF HAS BEEN REQUESTED. RELIEF IS REQUESTED NOT LATER THAN 9:30 A.M. ON MAY 13, 2024.**

**IF YOU OBJECT TO THE RELIEF REQUESTED OR YOU BELIEVE THAT EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU MUST APPEAR AT THE HEARING IF ONE IS SET, OR FILE A WRITTEN RESPONSE PRIOR TO THE DATE THAT RELIEF IS REQUESTED IN THE PRECEDING PARAGRAPH. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

**A HEARING WILL BE CONDUCTED ON THIS MATTER ON MAY 13, 2024, AT 9:30 AM IN COURTROOM #2, FLOOR 14, UNITED STATES BANKRUPTCY COURT FOR THE NORTHERN DISTRICT OF TEXAS, 1100 COMMERCE STREET, DALLAS, TX 75242.**

**PARTICIPATION AT THE HEARING WILL ONLY BE PERMITTED BY AN AUDIO AND VIDEO CONNECTION.**

4895-5541-4456

> **AUDIO COMMUNICATION WILL BE BY USE OF THE COURT'S DIAL-IN FACILITY. YOU MAY ACCESS THE FACILITY AT 1-650-479-3207. VIDEO COMMUNICATION WILL BE BY USE OF THE CISCO WEBEX PLATFORM. CONNECT VIA THE CISCO WEBEX APPLICATION OR CLICK THE LINK ON JUDGE LARSON'S HOME PAGE. THE MEETING CODE IS 160 135 6015. CLICK THE SETTINGS ICON IN THE UPPER RIGHT CORNER AND ENTER YOUR NAME UNDER THE PERSONAL INFORMATION SETTING.**
>
> **HEARING APPEARANCES MUST BE MADE ELECTRONICALLY IN ADVANCE OF ELECTRONIC HEARINGS. TO MAKE YOUR APPEARANCE, CLICK THE "ELECTRONIC APPEARANCE" LINK ON JUDGE LARSON'S HOME PAGE. SELECT THE CASE NAME, COMPLETE THE REQUIRED FIELDS AND CLICK "SUBMIT" TO COMPLETE YOUR APPEARANCE.**

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

The above-captioned debtors and debtors in possession (collectively, the "***Debtors***") file this *Emergency Motion for Entry of an Order Directing Joint Administration of the Debtors' Chapter 11 Cases* (the "***Motion***") and in support thereof respectfully submit the following:

### JURISDICTION AND VENUE

1.      The United States Bankruptcy Court for the Northern District of Texas (the "***Court***") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).  The Debtors confirm their consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***"), to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory bases for the relief requested herein are sections 105(a) and 342(c) of title 11 of the United States Code (the "***Bankruptcy Code***"), Bankruptcy Rule 1015, rules 1015-1, 9007-1, and 9013-1 of the Local Bankruptcy Rules for the Northern District of Texas (the "***N.D.***

*Tex. L.B.R.*"), and the *General Order Regarding Procedures for Complex Chapter 11 Cases* (the "***Complex Case Procedures***").

## EMERGENCY CONSIDERATION

4.      In accordance with the N.D. Tex. L.B.R. and Complex Case Procedures, the Debtors request emergency consideration of this Motion.  The Debtors submit that emergency relief in connection with this Motion is essential to the success of these chapter 11 cases.  As discussed in detail below and in the First Day Declaration (as defined below), any delay in granting the relief requested could hinder the ultimate success of the Debtors' chapter 11 cases and cause immediate and irreparable harm.  As such, the Debtors believe that emergency consideration is necessary and request that this Motion be heard at the Debtors' first day hearings.

## BACKGROUND

5.      KidKraft, Inc. (together with its Debtor and non-Debtor affiliates, the "***Company***") is a Dallas-based privately held company that is a leader in branded, sustainable, wood-based active and imaginative play products, with operations in the U.S., Canada, Europe, and Asia.  The Company works with global supply partners to source materials and build its products, which include dollhouses, play sets, playhouses, swing sets, and more.  It distributes its products through partnerships with major global retailers and through direct-to-customer sales, with more than 3,000 points of distribution in over 90 countries.  The Company, like many in its industry, has experienced significant headwinds in recent years that have strained liquidity and operations. Unable to satisfy its funded debt obligations, the Company and its advisors undertook an extensive marketing and sale process that has culminated in these chapter 11 cases, through which the Company aims to implement a sale to a strategic buyer pursuant to a prepackaged chapter 11 plan (or, in the alternative, pursuant to consummation of a stand-alone sale pursuant to section 363 of

the Bankruptcy Code) to, among other things, preserve jobs and continue the KidKraft brand as a going concern.

6.      On the date hereof (the "***Petition Date***"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  As of the date hereof, no request for the appointment of a trustee or examiner has been made and no official committee of unsecured creditors has been appointed in these chapter 11 cases.

7.      Additional information regarding the Debtors and these chapter 11 cases, including the Debtors' business operations, capital structure, financial condition, and the reasons for and objectives of these chapter 11 cases, is set forth in the *Declaration of Geoffrey Walker in Support of Chapter 11 Petitions and First Day Pleadings* (the "***First Day Declaration***"), filed contemporaneously herewith and incorporated herein by reference.[1]

## **RELIEF REQUESTED**

8.      By this Motion, the Debtors seek entry of an order (the "***Order***"), substantially in the form attached hereto as **Exhibit A**, consolidating the administration of these chapter 11 cases for procedural purposes only as follows:

    i. the Office of the United States Trustee for the Northern District of Texas (the "***U.S. Trustee***") shall conduct joint informal meetings with the Debtors, as required, and, unless otherwise directed by the Court, to the extent required, a joint first meeting of creditors;

    ii. one plan and disclosure statement may be filed for all of the Debtors by any plan proponent; however, substantive consolidation of the Debtors' estates is not being requested at this time;

---

[1]      Capitalized terms used but not otherwise defined in this Motion shall have the meaning set forth in the First Day Declaration.

4895-5541-4456

iii. unless otherwise required by the Court, each Debtor will file separate schedules of assets and liabilities, statements of financial affairs, and lists of equity security holders;

iv. proofs of claim filed by creditors of any Debtor shall reflect the caption and case number of the Debtor to which the claim relates and in which chapter 11 case such claim is to be filed;

v. a separate claims register shall be maintained for each Debtor; and

vi. each Debtor will file separate operating reports and pay separate U.S. Trustee statutory fees.

9.      The Debtors respectfully request that the Court maintain one file and one docket for all of the jointly administered cases under the lead case of KidKraft, Inc. and that the Court administer these chapter 11 cases under a consolidated caption, as follows:

| | | |
|---|---|---|
| **In re:** | § | **Case No. 24-80045-11** |
| | § | |
| **KIDKRAFT, INC.,** *et al.***,** | § | **(Chapter 11)** |
| | § | |
| **Debtors.**[2] | § | **(Jointly Administered)** |

10.     The lead case docket, as well as the dockets for each of the other chapter 11 cases, will be available on the website of the Debtors' proposed claims, noticing, and solicitation agent at https://www.stretto.com/kidkraft.

11.     The Debtors also request that a notation substantially similar to the following be entered on each of the Debtors' respective dockets (other than Debtor KidKraft, Inc.) to reflect the joint administration of these chapter 11 cases:

An order has been entered in this case in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Northern District of Texas directing the joint

---

[2]      The Debtors in these chapter 11 cases and the last four digits of their respective federal tax identification numbers or Canadian business numbers, as applicable, are:  KidKraft, Inc. (3303), KidKraft Europe, LLC (3174), KidKraft Intermediate Holdings, LLC (8800), KidKraft International Holdings, Inc. (2933), KidKraft Partners, LLC (3268), KidKraft International IP Holdings, LLC (1841), Solowave Design Corp. (9294), Solowave Design Holdings Limited (0206), Solowave Design Inc. (3073), Solowave Design LP (7201), and Solowave International Inc. (4302).  The location of the Debtors' U.S. corporate headquarters and the Debtors' service address is:  4630 Olin Road, Dallas, TX 75244.

administration of the chapter 11 cases of KidKraft, Inc., KidKraft Europe, LLC, KidKraft Intermediate Holdings, LLC, KidKraft International Holdings, Inc., KidKraft Partners, LLC, KidKraft International IP Holdings, LLC, Solowave Design Corp., Solowave Design Holdings Limited, Solowave Design Inc., Solowave Design LP, and Solowave International Inc.  The docket in Case No. 24-80045-11 should be consulted for all matters affecting these cases.  All further pleadings and other papers shall be filed in and all further docket entries shall be made in Case No. 24-80045-11.

12.     The Debtors further respectfully request that the Court order that the foregoing caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

## BASIS FOR RELIEF REQUESTED

13.     Bankruptcy Rule 1015(b) provides, in relevant part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates."  Fed. R. Bankr. P. 1015(b).  Section 101(2) of the Bankruptcy Code defines the term "affiliate" to mean:

> (A) [an] entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor, other than an entity that holds such securities—
>
>> (i) in a fiduciary or agency capacity without sole discretionary power to vote such securities; or
>>
>> (ii) solely to secure a debt, if such entity has not in fact exercised such power to vote;
>
> (B) [a] corporation 20 percent or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote, by the debtor, or by an entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor, other than an entity that holds such securities—
>
>> (i) in a fiduciary or agency capacity without sole discretionary power to vote such securities; or
>>
>> (ii) solely to secure a debt, if such entity has not in fact exercised such power to vote . . . .

11 U.S.C. § 101(2).  In addition, Local Rule 1015-1 provides for the joint administration of related chapter 11 cases.  Because KidKraft Intermediate Holdings, LLC owns, either directly or indirectly, 100% of the outstanding ownership interests in each of the other Debtors, the Debtors

8

are affiliated entities and the Court is authorized to jointly administer these chapter 11 cases for procedural purposes.

14.    The Debtors anticipate that notices, applications, motions, other pleadings, hearings, and orders in these chapter 11 cases may affect all of the Debtors.  If each Debtor's case were administered independently, there would be a number of duplicative filings and overlapping service.  This unnecessary duplication of identical documents would be wasteful of the resources of the Debtors' estates, as well as the resources of this Court and of other parties in interest.

15.    Joint administration will permit the Clerk of the Court to use a single general docket for all of the Debtors' chapter 11 cases and to combine notices to creditors and other parties in interest by ensuring that all parties in interest will be able to review one docket to stay apprised of the various matters before the Court regarding all of the Debtors' chapter 11 cases.  Moreover, supervision of the administrative aspects of the Debtors' chapter 11 cases by the U.S. Trustee will be simplified.  Therefore, joint administration will promote the economical and efficient administration of the Debtors' estates to the benefit of the Debtors, their creditors, the U.S. Trustee, and the Court.

16.    Joint administration will not give rise to any conflict of interest among the Debtors' estates.  The rights of the Debtors' respective creditors will not be adversely affected by the proposed joint administration because each of the Debtors will continue as separate and distinct legal entities, will continue to maintain separate books and records, and will provide information as required in the monthly operating reports on a debtor-by-debtor basis.  Each creditor or interest holder may file a proof of claim or interest against the applicable estate in which it allegedly has a claim or interest and will retain whatever claims or interests it has against the particular estate. The potential recoveries of all creditors will be enhanced by the reduction in costs resulting from

9

joint administration of the Debtors' chapter 11 cases.  The Court will also be relieved of the burden of scheduling duplicative hearings, entering duplicative orders, and maintaining redundant files.

17.     No administrative or scheduling orders previously entered in these chapter 11 cases will require modification if this Motion is granted.

## REQUEST FOR IMMEDIATE RELIEF

18.     Bankruptcy Rule 6003 empowers a court to grant relief within the first 21 days after the Petition Date "to the extent that relief is necessary to avoid immediate and irreparable harm." For the reasons discussed herein and in the First Day Declaration, authorizing the Debtors to consolidate the administration of these chapter 11 proceedings for procedural purposes, as well as granting the other relief requested herein, is critical to enabling the Debtors to effectively transition to operating as chapter 11 debtors.  Failure to receive such authorization and other relief during the first 21 days of these chapter 11 cases would significantly impact the Debtors' ability to swiftly and efficiently consummate a Sale Transaction and/or obtain confirmation of the Plan.  As such, the relief requested is necessary in order for the Debtors to maximize the value of their estates for the benefit of all stakeholders.  Accordingly, the Debtors submit that they have satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 6003 to support granting the relief requested herein.

## RESERVATION OF RIGHTS

19.     For the avoidance of doubt, nothing in this Motion is intended to be, nor should it be construed as (i) an implication or admission as to the validity or priority of any claim or lien against the Debtors, (ii) an impairment or waiver of the Debtors' or any other party in interest's rights to contest or dispute any such claim or lien, (iii) a promise or requirement to pay any claim, (iv) an implication or admission that any particular claim is of a type specified or defined in the

4895-5541-4456

Motion or any proposed order, or (v) a waiver of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law.

## NOTICE

20.      Notice of this Motion has been provided by delivery to:  (i) the Office of the United States Trustee for the Northern District of Texas; (ii) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (iii) the administrative agent under the Debtors' prepetition secured credit agreement; (iv) Katten Muchin Rosenman LLP, as counsel to the administrative agent under the Debtors' prepetition secured credit agreement; (v) King & Spalding LLP, as counsel to the buyer under the Debtors' prepetition asset purchase agreement; (vi) those persons who have formally appeared in these chapter 11 cases and requested service pursuant to Bankruptcy Rule 2002; (vii) the Internal Revenue Service; and (viii) all other applicable government agencies to the extent required by the Bankruptcy Rules or the N.D. Tex. L.B.R.   In light of the nature of the relief requested in this Motion, the Debtors submit that no further notice is necessary.

## NO PRIOR REQUEST

21.      No prior motion for the relief requested herein has been made to this Court or any other court.

11

4895-5541-4456

## PRAYER

The Debtors respectfully request that the Court enter the Order, substantially in the form

attached hereto as **Exhibit A**, and grant them such other and further relief to which the Debtors

may be justly entitled.

Dated:  May 10, 2024
Dallas, Texas

/s/  *William L. Wallander*

**VINSON & ELKINS LLP**
William L. Wallander (Texas Bar No. 20780750)
Matthew D. Struble (Texas Bar No. 24102544)
Kiran Vakamudi (Texas Bar No. 24106540)
2001 Ross Avenue, Suite 3900
Dallas, TX 75201
Tel:  214.220.7700
Fax: 214.999.7787
bwallander@velaw.com; mstruble@velaw.com;
kvakamudi@velaw.com

- and –

David S. Meyer (*pro hac vice* pending)
Lauren R. Kanzer (*pro hac vice* pending)
1114 Avenue of the Americas, 32nd Floor
New York, NY 10036
Tel:  212.237.0000
Fax: 212.237.0100
dmeyer@velaw.com; lkanzer@velaw.com

**PROPOSED ATTORNEYS FOR THE
DEBTORS AND DEBTORS IN POSSESSION**

4895-5541-4456

## <u>CERTIFICATE OF SERVICE</u>

     I certify that on May 10, 2024, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Northern District of Texas.

                             */s/ Matthew D. Struble*
                             One of Counsel

4895-5541-4456

**<u>EXHIBIT A</u>**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Case No. 24-80045-11** |
| | § | |
| **KIDKRAFT, INC.** | § | **(Chapter 11)** |
| | § | |
| **Debtor.** | § | |
| | § | |
| **Tax I.D. No. 75-2293303** | § | |
| | § | |
| **In re:** | § | **Case No. 24-80046-11** |
| | § | |
| **KIDKRAFT EUROPE, LLC** | § | **(Chapter 11)** |
| | § | |
| **Debtor.** | § | |
| | § | |
| **Tax I.D. No. 26-4153174** | § | |
| | § | |
| **In re:** | § | **Case No. 24-80047-11** |
| | § | |
| **KIDKRAFT INTERMEDIATE** | § | **(Chapter 11)** |
| **HOLDINGS, LLC** | § | |
| | § | |
| **Debtor.** | § | |
| | § | |
| **Tax I.D. No. 47-4398800** | § | |
| | § | |

| | | |
|---|---|---|
| In re: | § | **Case No. 24-80048-11** |
| | § | |
| **KIDKRAFT INTERNATIONAL** | § | **(Chapter 11)** |
| **HOLDINGS, INC.** | § | |
| | § | |
| Debtor. | § | |
| | § | |
| Tax I.D. No. 26-4152933 | § | |
| | § | |
| In re: | § | **Case No. 24-80049-11** |
| | § | |
| **KIDKRAFT PARTNERS, LLC** | § | **(Chapter 11)** |
| | § | |
| Debtor. | § | |
| | § | |
| Tax I.D. No. 26-4153268 | § | |
| | § | |
| In re: | § | **Case No. 24-80050-11** |
| | § | |
| **KIDKRAFT INTERNATIONAL IP** | § | **(Chapter 11)** |
| **HOLDINGS, LLC** | § | |
| | § | |
| Debtor. | § | |
| | § | |
| Tax I.D. No. 80-0341841 | § | |
| | § | |
| In re: | § | **Case No. 24-80051-11** |
| | § | |
| **SOLOWAVE DESIGN CORP.** | § | **(Chapter 11)** |
| | § | |
| Debtor. | § | |
| | § | |
| Tax I.D. No. 75-3269294 | § | |
| | § | |
| In re: | § | **Case No. 24-80052-11** |
| | § | |
| **SOLOWAVE DESIGN HOLDINGS** | § | **(Chapter 11)** |
| **LIMITED** | § | |
| | § | |
| Debtor. | § | |
| | § | |
| Canadian Business No. 836770206 | § | |
| | § | |

4895-5541-4456

| | | |
|---|---|---|
| **In re:** | § | **Case No. 24-80053-11** |
| | § | |
| **SOLOWAVE DESIGN INC.** | § | **(Chapter 11)** |
| | § | |
| Debtor. | § | |
| | § | |
| **Canadian Business No. 854863073** | § | |
| | § | |
| **In re:** | § | **Case No. 24-80054-11** |
| | § | |
| **SOLOWAVE DESIGN LP** | § | **(Chapter 11)** |
| | § | |
| Debtor. | § | |
| | § | |
| **Canadian Business No. 834127201** | § | |
| | § | |
| **In re:** | § | **Case No. 24-80055-11** |
| | § | |
| **SOLOWAVE INTERNATIONAL INC.** | § | **(Chapter 11)** |
| | § | |
| Debtor. | § | |
| | § | **Re: Docket No. ___** |
| **Canadian Business No. 884734302** | § | |
| | § | |

## ORDER DIRECTING JOINT
## ADMINISTRATION OF THE DEBTORS' CHAPTER 11 CASES

Upon the motion (the "***Motion***")[1] filed by the above-captioned debtors and debtors in possession (collectively, the "***Debtors***") for entry of an order (the "***Order***") consolidating the administration of all of the above-captioned chapter 11 cases for procedural purposes only, all as more fully set forth in the Motion and in the First Day Declaration; and the Court having jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. § 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28

---

[1]    Capitalized terms used but not otherwise defined herein shall have the meaning set forth in the Motion.

3

U.S.C. §§ 1408 and 1409;  and the Court having found that the relief requested in the Motion is in the best interests of the Debtors and their respective estates; and the Court having found that proper and adequate notice of the Motion and hearing thereon has been given and that no other or further notice is necessary; and the Court having found that good and sufficient cause exists for the granting of the relief requested in the Motion after having given due deliberation upon the Motion and all of the proceedings had before the Court in connection with the Motion, it is HEREBY ORDERED THAT:

1.      The above-captioned chapter 11 cases shall be jointly administered for procedural purposes only as follows.  Additionally, the following checked items are ordered:

a.   __X__      One disclosure statement and plan of reorganization may be filed for all of the cases by any plan proponent; however, substantive consolidation of the Debtors' estates is not being requested at this time.

b.   __X__      Parties may request joint hearings on matters pending in any of the jointly administered cases.

c.   __X__      The U.S. Trustee may conduct joint informal meetings with the Debtors, as required, and, unless otherwise directed by the Court, a joint first meeting of creditors.

d.   __X__      Unless otherwise required by the Court, each Debtor will file separate schedules of assets and liabilities and statements of financial affairs, operating reports, and, as applicable, lists of equity security holders.

e.   __X__      Proofs of claim filed by creditors of any Debtor shall reflect the caption and case number of the Debtor to which the claim relates and in which chapter 11 case such claim is to be filed.

f.   __X__      A separate claims register shall be maintained for each Debtor.

g.   __X__      Each Debtor shall separately file operating reports and separately pay its quarterly fee due to the U.S. Trustee.

4895-5541-4456

2.      The Court shall maintain one file and one docket for all of the jointly administered cases under the lead case of KidKraft, Inc. and administer these chapter 11 cases under a consolidated caption, as follows:

| | | |
|---|---|---|
| **In re:** | § | **Case No. 24-80045-11** |
| | § | |
| **KIDKRAFT, INC.,** *et al.***,** | § | **(Chapter 11)** |
| | § | |
| **Debtors.**[2] | § | **(Jointly Administered)** |

3.      The foregoing caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

4.      A notation substantially similar to the following shall be entered on each of the Debtors' respective dockets (other than Debtor KidKraft, Inc.) to reflect the joint administration of these chapter 11 cases:

> An order has been entered in this case in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Northern District of Texas directing the joint administration of the chapter 11 cases of KidKraft, Inc., KidKraft Europe, LLC, KidKraft Intermediate Holdings, LLC, KidKraft International Holdings, Inc., KidKraft Partners, LLC, KidKraft International IP Holdings, LLC, Solowave Design Corp., Solowave Design Holdings Limited, Solowave Design Inc., Solowave Design LP, and Solowave International Inc.  The docket in Case No. 24-80045-11 should be consulted for all matters affecting these cases.  All further pleadings and other papers shall be filed in and all further docket entries shall be made in Case No. 24-80045-11.

---

[2]      The Debtors in these chapter 11 cases and the last four digits of their respective federal tax identification numbers or Canadian business numbers, as applicable, are:  KidKraft, Inc. (3303), KidKraft Europe, LLC (3174), KidKraft Intermediate Holdings, LLC (8800), KidKraft International Holdings, Inc. (2933), KidKraft Partners, LLC (3268), KidKraft International IP Holdings, LLC (1841), Solowave Design Corp. (9294), Solowave Design Holdings Limited (0206), Solowave Design Inc. (3073), Solowave Design LP (7201), and Solowave International Inc. (4302).  The location of the Debtors' U.S. corporate headquarters and the Debtors' service address is:  4630 Olin Road, Dallas, TX 75244.

4895-5541-4456

5.      The Debtors shall maintain, and the Clerk of the Court shall keep, one consolidated docket, one file, and one consolidated service list for these chapter 11 cases.

6.      The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

7.      Notice of the Motion satisfies the requirements of Bankruptcy Rule 6004(a).

8.      Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of these chapter 11 cases; *provided*, *however*, this Order shall be without prejudice to the rights of the Debtors to seek entry of an Order substantively consolidating their respective cases.

9.      Nothing contained in the Motion or this Order shall be deemed or construed as granting any Debtor standing to be heard on any issue affecting another jointly administered Debtor beyond what is granted under applicable law.

10.      Nothing contained in the Motion or this Order shall be deemed or construed as affecting the rights of parties in interest to object to, and be heard on, the appointment of any committee of creditors under section 1102 of the Bankruptcy Code, and all such rights are reserved.

11.      Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon entry of this Order.

12.      The Court retains exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

### # # # END OF ORDER # # #

4895-5541-4456

**Order submitted by:**

**VINSON & ELKINS LLP**

William L. Wallander (Texas Bar No. 20780750)
Matthew D. Struble (Texas Bar No. 24102544)
Kiran Vakamudi (Texas Bar No. 24106540)
2001 Ross Avenue, Suite 3900
Dallas, TX 75201
Tel: 214.220.7700
Fax: 214.999.7787
bwallander@velaw.com
mstruble@velaw.com
kvakamudi@velaw.com

- and –

David S. Meyer (*pro hac vice* pending)
Lauren R. Kanzer (*pro hac vice* pending)
1114 Avenue of the Americas, 32nd Floor
New York, NY 10036
Tel: 212.237.0000
Fax: 212.237.0100
dmeyer@velaw.com;
lkanzer@velaw.com

**PROPOSED ATTORNEYS FOR
THE DEBTORS AND DEBTORS IN POSSESSION**

4895-5541-4456