

**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed June 7, 2024**

_____
**United States Bankruptcy Judge**

_____

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| **In re:** | § | **Case No. 24-80045-mvl11** |
| | § | |
| **KIDKRAFT, INC.,** *et al.*, | § | **(Chapter 11)** |
| | § | |
| Debtors.[1] | § | **(Jointly Administered)** |
| | § | |
| | § | **Re: Docket No. 34** |

---

[1] The Debtors in these chapter 11 cases and the last four digits of their respective federal tax identification numbers or Canadian business numbers, as applicable, are: KidKraft, Inc. (3303), KidKraft Europe, LLC (3174), KidKraft Intermediate Holdings, LLC (8800), KidKraft International Holdings, Inc. (2933), KidKraft Partners, LLC (3268), KidKraft International IP Holdings, LLC (1841), Solowave Design Corp. (9294), Solowave Design Holdings Limited (0206), Solowave Design Inc. (3073), Solowave Design LP (7201), and Solowave International Inc. (4302). The location of the Debtors' U.S. corporate headquarters and the Debtors' service address is: 4630 Olin Road, Dallas, TX 75244.

1

4886-8414-2788

## ORDER (I) ESTABLISHING BAR DATES AND PROCEDURES
## AND (II) APPROVING THE FORM AND MANNER OF NOTICE

Upon the motion (the "*Motion*")[2] filed by the above-referenced debtors and debtors in possession (collectively, the "*Debtors*") for entry of an order (this "*Order*") establishing bar dates and procedures and approving the form and manner of notice thereof, all as more fully set forth in the Motion; and the Court having jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. § 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having reviewed the Motion; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors and their respective estates, creditors, and other parties in interest; and the Court having found that proper and adequate notice of the Motion and hearing thereon has been given and that no other or further notice is necessary; and the Court having found that good and sufficient cause exists for the granting of the relief requested in the Motion after having given due deliberation upon the Motion and all of the proceedings had before the Court in connection with the Motion, it is HEREBY ORDERED THAT:

1. The General Bar Date shall be fixed as **June 28, 2024 at 5:00 p.m. (Prevailing Central Time)**.

2. The Governmental Bar Date shall be fixed as **November 6, 2024 at 5:00 p.m. (Prevailing Central Time)**.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meaning set forth in the Motion.

4886-8414-2788

3. The Amended Schedules Bar Date shall be fixed as the **later of (i) the General Bar Date or the Governmental Bar Date, as applicable, and (ii) 5:00 p.m. (Prevailing Central Time), on the date that is 21 days from the date on which the Debtors provide notice of the previously unfiled Schedule or amendment or supplement to the Schedules**.

4. The Rejection Damages Bar Date shall be fixed as the **later of (i) the General Bar Date or the Governmental Bar Date, as applicable, and (ii) 5:00 p.m. (Prevailing Central Time) on the date that is 21 days following service of an order approving the rejection of any executory contract or unexpired lease of the Debtors**.[3]

5. The forms of the Bar Dates Notice, the Proof of Claim Form, the Publication Notice, and the manner of providing notice of the Bar Dates proposed in the Motion are approved in all respects. The form and manner of notice of the Bar Dates approved herein satisfy the notice requirements of the Bankruptcy Code and the Bankruptcy Rules.

6. Subject to terms described in this Order for holders of claims subject to the Governmental Bar Date, the following entities must file proofs of claim on or before the General Bar Date:

 (i) any person or entity whose claim against a Debtor is not listed in the applicable Debtor's Schedules, or is listed in such Schedules as "contingent," "unliquidated," or "disputed," if such person or entity desires to participate in any of these chapter 11 cases or share in any distribution in any of these chapter 11 cases;

 (ii) any person or entity who believes that its claim is improperly classified in the Schedules or is listed in an incorrect amount and who desires to have its claim allowed in a different classification or amount other than that identified in the Schedules;

 (iii) any person or entity who believes that its prepetition claim as listed in the Schedules is not an obligation of the specific Debtor against which the claim

---

[3] To the extent any executory contract or unexpired lease is rejected pursuant to the terms of the Plan, the order confirming the Plan shall provide a separate bar date as the deadline on or before which claimants holding claims for damages arising from such rejection must file proofs of claim with respect to such rejection, which date will be 21 days after service of a notice of the Plan effective date.

4886-8414-2788

is listed and who desires to have its claim allowed against a Debtor other than that identified in the Schedules; and

(iv) any person or entity who believes that its claim against a Debtor is or may be an administrative expense pursuant to section 503(b)(9) of the Bankruptcy Code.

7. The following entities, whose claims otherwise would be subject to the General Bar Date or the Governmental Bar Date, need not file proofs of claim in these chapter 11 cases:

(i) any person or entity who has already filed a signed proof of claim against the respective Debtor(s) with the Clerk of the Court or with Stretto, the Debtors' claims and noticing agent, in a form substantially similar to Official Form 410;

(ii) any person or entity whose claim is listed on the Schedules if: (a) the claim is *not* scheduled as any of "disputed," "contingent," or "unliquidated;" (b) such person or entity agrees with the amount, nature, and priority of the claim as set forth in the Schedules; and (c) such person or entity does not dispute that its claim is an obligation only of the specific Debtor against which the claim is listed in the Schedules;

(iii) any person or entity whose claim has previously been allowed by order of the Court on or before the applicable Bar Date;

(iv) any person or entity whose claim has been paid in full by the Debtors pursuant to the Bankruptcy Code or in accordance with an order of the Court;

(v) any Debtor having a claim against another Debtor;

(vi) any person or entity whose claim is based on an equity interest in any of the Debtors;

(vii) any current officer or director of any of the Debtors for claims based on indemnification, contribution, or reimbursement;

(viii) any person or entity holding a claim for which a separate deadline is fixed by this Court;

(ix) any person or entity holding a claim allowable under sections 503(b) or 507(a)(2) of the Bankruptcy Code as an expense of administration incurred in the ordinary course; *provided*, *however*, that any person or entity asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must assert such claim by filing a request for payment or a proof of claim on or prior to the General Bar Date;

(x) Gordon Brothers, for claims arising from or relating to the DIP Facility, the Prepetition First Lien Term Facility, or the Prepetition First Lien Revolving Facility, respectively; and

(xi) the Office of the United States Trustee for the Northern District of Texas.

4

4886-8414-2788

8.  Parties asserting claims against the Debtors that accrued before the Petition Date must use a proof of claim form (the "***Proof of Claim Form***") substantially in the form attached as **Exhibit C** to the Motion.

9.  The following procedures for the filing of a proof of claim shall apply:

(i) Each proof of claim must be filed so that it is received on or before the applicable Bar Dates either (a) electronically through Stretto's website, using the interface available on such website located at https://www.cases.stretto.com/kidkraft (the "***Electronic Filing System***") or (b) by delivering the original proof of claim to:

**If by First-Class Mail, Hand Delivery or Overnight Mail:**
KidKraft, Inc.
Claim Processing Center
c/o Stretto, Inc.
410 Exchange, Suite 100
Irvine, CA 92602

(ii) A proof of claim will be deemed filed when **actually received** by Stretto or by the Clerk of the Court.

(iii) Proofs of claim may not be delivered via facsimile or electronic mail transmission (the Electronic Filing System not being considered electronic mail transmission). Any facsimile or electronic mail submissions **will not be accepted** and will not be considered properly or timely filed for any purpose in these chapter 11 cases.

(iv) Proofs of claim will be collected, docketed, and maintained by Stretto.

(v) All proofs of claim must be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant. The Proof of Claim Form must be completed in English and be denominated in United States currency. Claimants should set forth with specificity the legal and factual basis for the alleged claim and attach to the completed Proof of Claim Form any documents on which the claim is based (or, if such documents are voluminous, attach a summary) or an explanation as to why the documents are not available.

(vi) Any person or entity asserting claims against multiple Debtors must file a separate proof of claim with respect to each Debtor. In addition, any person or entity filing a proof of claim must identify on its Proof of Claim Form the particular Debtor against which the entity asserts its claim. Any proof of claim filed under the Debtors' joint administration case number, or that otherwise fails to identify a Debtor shall be deemed as filed only against Debtor KidKraft, Inc. If an entity lists more than one Debtor on any one

5

proof of claim, the relevant claims will be treated as filed only against the first listed Debtor.

10. Any entity holding an interest in the Debtors (an "**Interest Holder**"), which interest is based exclusively upon the ownership of: (i) a membership interest in a limited liability company; (ii) common or preferred stock in a corporation; or (iii) warrants or rights to purchase, sell or subscribe to such a security or interest (any such security or interest being referred to herein as an "**Interest**"), need not file a proof of interest on or before the General Bar Date; *provided*, *however*, Interest Holders who want to assert claims against the Debtors that arise out of or relate to the ownership or purchase of an Interest, including claims arising out of or relating to the sale, issuance or distribution of the Interest, must file a proof of claim by the applicable Bar Date, unless another exception identified in this Order applies.

11. Pursuant to Bankruptcy Rule 3003(c)(2), any person or entity that is required to file a proof of claim in these chapter 11 cases pursuant to the Bankruptcy Code, the Bankruptcy Rules or this Order with respect to a particular claim against the Debtors, but that fails to do so properly by the applicable Bar Date, shall not be treated as a creditor with respect to (i) such claim for purposes of voting upon any plan in these chapter 11 cases and (ii) distribution from property of the Debtors' estates.

12. The Debtors shall retain the right to: (i) dispute, or assert offsets or defenses against, any filed proofs of claim, or any claim listed or reflected in the Schedules, as to nature, amount, liability, classification or otherwise; (ii) subsequently designate any scheduled claim as disputed, contingent, or unliquidated; and (iii) otherwise amend or supplement the Schedules.

13. Within 2 business days after entry of this Order, the Debtors, through Stretto or otherwise, shall serve the Bar Dates Notice Package, including a copy of the Bar Date Notice and the Proof of Claim Form, substantially in the forms attached to the Motion as **Exhibit B** and

6

4886-8414-2788

**Exhibit C**, respectively, by first-class mail, postage prepaid, on: (i) all holders of claims or potential claims; (ii) the Office of the United States Trustee for the Northern District of Texas; (iii) counsel to the official committee of unsecured creditors, if any; (iv) all parties that have requested notice in these chapter 11 cases pursuant to Bankruptcy Rule 2002 as of the date of the entry of the Order; (v) all known creditors and other known holders of potential claims against any of the Debtors; (vi) all counterparties to executory contracts and unexpired leases of the Debtors listed in the Schedules or their designated representatives; (vii) all parties to pending litigation with the Debtors; (viii) all current and former employees of the Debtors (to the extent that contact information for former employees is available in the Debtors' records); (ix) the Internal Revenue Service and all other taxing authorities for the jurisdictions in which the Debtors conduct business; (x) all relevant state attorneys general; (xi) all identified registered holders of any Interests in any of the Debtors as of the Petition Date (although copies of the Proof of Claim Form will not be provided to them); (xii) all other entities listed on the Debtors' respective creditor matrices; and (xiii) counsel to any of the foregoing, if known. The Debtors may also mail the Bar Dates Notice package by first-class United States mail, postage prepaid (or equivalent service) to any additional holders of claims or potential claims listed in the Debtors' Schedules, as soon as practicable but no later than three 2 business days after the Debtors file the Schedules.

14.     The Debtors shall post the Bar Date Notice and Proof of Claim Form on Stretto's website at https://www.cases.stretto.com/kidkraft.

15.     Pursuant to Bankruptcy Rule 2002(l) and 9008, the Debtors shall publish the Publication Notice in *The New York Times* (national edition), the national edition of *The Globe and Mail* in Canada, or such other publications as the Debtors may deem appropriate in their discretion as a means to provide notice of the Bar Dates to such unknown potential claimants. The

7

Debtors will cause such publication to occur 2 business days after serving the Bar Dates Notice Package or as soon as reasonably practicable thereafter.

16. The Debtors and Stretto are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

17. Entry of this Order is without prejudice to the right of the Debtors to seek a further order of this Court fixing the date by which holders of claims not subject to the Bar Dates established herein must file such claims against the Debtor or be forever barred from so doing.

18. The Court retains jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

**# # # End of Order # # #**

**Order submitted by:**

**VINSON & ELKINS LLP**

William L. Wallander (Texas Bar No. 20780750)
Matthew D. Struble (Texas Bar No. 24102544)
Kiran Vakamudi (Texas Bar No. 24106540)
2001 Ross Avenue, Suite 3900
Dallas, TX 75201
Tel:  214.220.7700
Fax: 214.999.7787
bwallander@velaw.com
mstruble@velaw.com
kvakamudi@velaw.com

- and -

David S. Meyer (admitted *pro hac vice*)
Lauren R. Kanzer (admitted *pro hac vice*)
1114 Avenue of the Americas, 32nd Floor
New York, NY 10036
Tel:  212.237.0000
Fax: 212.237.0100
dmeyer@velaw.com;
lkanzer@velaw.com

**PROPOSED ATTORNEYS FOR
THE DEBTORS AND DEBTORS IN POSSESSION**

4886-8414-2788