**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Case No. 24-80045-mv11** |
| | § | |
| | § | **(Chapter 11)** |
| **KIDKRAFT, INC.,** *et al.,* | § | |
| | § | **(Jointly Administered)** |
| **Debtors.**[1] | § | |

## <u>CERTIFICATE OF SERVICE</u>

I, Monica Balos, depose and say that I am employed by Stretto, the claims and noticing agent for the Debtors in the above-captioned cases.

On June 18, 2024, at my direction and under my supervision, employees of Stretto caused the following documents to be served via first-class mail on ClearCompany and Reliance Staffing Inc., c/o Barnett & Garcia, PLLC, 3821 Juniper Trace, Suite 108, Austin, TX 78738:

- **Notice of Deadlines for Filing Proof of Claim** (attached hereto as **<u>Exhibit A</u>**)

- **[Customized] Official Form 410 Proof of Claim Form** (attached hereto as **<u>Exhibit B</u>**)

- **Instructions for Proof of Claim** (attached hereto as **<u>Exhibit C</u>**)

- **Notice of (I) Combined Hearing to Consider Approval of Disclosure Statement and Confirmation of Plan, (II) Deadline for Filing Objections to Final Approval of Disclosure Statement and Confirmation of Plan, and (III) Other Relevant Information** (attached hereto as **<u>Exhibit D</u>**)

Dated: June 19, 2024

<u>/s/ Monica Balos</u>
Monica Balos
STRETTO
410 Exchange, Suite 100
Irvine, CA 92602
Telephone: (855) 469-1713
Email: TeamKidKraft@stretto.com

---

[1] The Debtors in these chapter 11 cases and the last four digits of their respective federal tax identification numbers or Canadian business numbers, as applicable, are: KidKraft, Inc. (3303), KidKraft Europe, LLC (3174), KidKraft Intermediate Holdings, LLC (8800), KidKraft International Holdings, Inc. (2933), KidKraft Partners, LLC (3268), KidKraft International IP Holdings, LLC (1841), Solowave Design Corp. (9294), Solowave Design Holdings Limited (0206), Solowave Design Inc. (3073), Solowave Design LP (7201), and Solowave International Inc. (4302). The location of the Debtors' U.S. corporate headquarters and the Debtors' service address is: 4630 Olin Road, Dallas, TX 75244.

# Exhibit A

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Case No. 24-80045-mvl11** |
| | § | |
| **KIDKRAFT, INC., *et al.*,** | § | **(Chapter 11)** |
| | § | |
| **Debtors.[1]** | § | **(Jointly Administered)** |
| | § | |
| | § | **Re:  Docket Nos. 34, 155** |

**NOTICE OF DEADLINES FOR FILING PROOF OF CLAIM**

<u>**TO ALL PERSONS OR ENTITIES WHO MAY HAVE CLAIMS AGAINST THE ABOVE-CAPTIONED DEBTORS:**</u>

On May 10, 2024 (the "***Petition Date***"), KidKraft, Inc. and certain of its affiliates, as debtors and debtors in possession (collectively, the "***Debtors***") filed voluntary cases under chapter 11 of title 11 of the United States Code (the "***Bankruptcy Code***") in the United States Bankruptcy Court for the Northern District of Texas (the "***Court***").  Set forth below are the name, case number, and last four digits of the federal tax identification number for each of the Debtors, if applicable:

| Debtor | Case Number | EID # / Canadian Business # (Last 4 Digits) |
|---|---|---|
| KidKraft, Inc. | 24-80045-11 | 3303 |
| KidKraft Europe, LLC | 24-80046-11 | 3174 |
| KidKraft Intermediate Holdings, LLC | 24-80047-11 | 8800 |
| KidKraft International Holdings, Inc. | 24-80048-11 | 2933 |
| KidKraft Partners, LLC | 24-80049-11 | 3268 |
| KidKraft International IP Holdings, LLC | 24-80050-11 | 1841 |
| Solowave Design Corp. | 24-80051-11 | 9294 |
| Solowave Design Holdings Limited | 24-80052-11 | 0206 |
| Solowave Design Inc. | 24-80053-11 | 3073 |
| Solowave Design LP | 24-80054-11 | 7201 |
| Solowave International Inc. | 24-80055-11 | 4302 |

On June 10, 2024, the Court entered an order [Docket No. 155] (the "***Bar Date Order***") in the above-captioned chapter 11 cases establishing certain deadlines for filing proofs of claim. Pursuant to the Bar Date Order, the Court has established:

---

[1]     The Debtors in these chapter 11 cases and the last four digits of their respective federal tax identification numbers or Canadian business numbers, as applicable, are:  KidKraft, Inc. (3303), KidKraft Europe, LLC (3174), KidKraft Intermediate Holdings, LLC (8800), KidKraft International Holdings, Inc. (2933), KidKraft Partners, LLC (3268), KidKraft International IP Holdings, LLC (1841), Solowave Design Corp. (9294), Solowave Design Holdings Limited (0206), Solowave Design Inc. (3073), Solowave Design LP (7201), and Solowave International Inc. (4302).  The location of the Debtors' U.S. corporate headquarters and the Debtors' service address is:  4630 Olin Road, Dallas, TX 75244.

- **June 28, 2024 at 5:00 p.m. (Prevailing Central Time)** as the general bar date for filing prepetition claims in the Debtors' chapter 11 cases (the "***General Bar Date***");

- **November 6, 2024 at 5:00 p.m. (Prevailing Central Time)** as the bar date for Governmental Units to file proofs of claim (the "***Governmental Bar Date***");

- **the later of (i) the General Bar Date or the Governmental Bar Date, as applicable, and (ii) 5:00 p.m. (Prevailing Central Time), on the date that is 21 days from the date on which the Debtors provide notice of a previously unfiled Schedule or amendment or supplement to the Schedules (as defined herein)** as the bar date for claimants holding claims affected by such filing, amendment, or supplement to file proofs of claim (the "***Amended Schedules Bar Date***"); and

- **the later of (i) the General Bar Date or the Governmental Bar Date, as applicable, and (ii) 5:00 p.m. (Prevailing Central Time) on the date that is 21 days following service of an order approving the rejection of any executory contract or unexpired lease of the Debtors** as the bar date for claimants asserting claims resulting from the Debtors' rejection of an executory contract or unexpired to file Proofs of Claim for damages arising from such rejection (the "***Rejection Damages Bar Date***").[2]

As used in this notice, the term "**claim**" means, as to or against any of the Debtors and in accordance with section 101(5) of the Bankruptcy Code: (i) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (ii) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

As used in this notice, the term "**entity**" has the meaning given to it in section 101(15) of the Bankruptcy Code, and includes all persons, estates, trusts, and governmental units.  In addition, the terms "persons" and "governmental units" are defined in sections 101(41) and 101(27) of the Bankruptcy Code, respectively.

## THE BAR DATES

The Bar Date Order establishes the following bar dates for filing claims in these cases (collectively, the "***Bar Dates***"):

**General Bar Date**.  Pursuant to the Bar Date Order, except as described below, all persons or entities other than governmental units, that hold claims (whether secured, unsecured, priority, or unsecured nonpriority, including section 503(b)(9)

---

[2]   To the extent any executory contract or unexpired lease is rejected pursuant to the terms of a chapter 11 plan filed by the Debtors (the "***Plan***"), the order confirming the Plan shall provide a separate bar date as the deadline on or before which claimants holding claims for damages arising from such rejection must file proofs of claim with respect to such rejection, which date will be 21 days after service of a notice of the Plan effective date.

4886-8748-2567

claims)[3] against the Debtors that arose before the Petition Date must file proofs of claim so as to be **received on or before the General Bar Date** (*i.e.*, received by June 28, 2024 at 5:00 p.m. (Prevailing Central Time)).

**Governmental Bar Date**.  Pursuant to the Bar Date Order, except as described below, all governmental units holding claims (whether secured, unsecured, priority, or unsecured nonpriority, including section 503(b)(9) claims) against the Debtors that arose before the Petition Date must file proofs of claim so as to be **received on or before the Governmental Bar Date** (*i.e.*, received by November 6, 2024 at 5:00 p.m. (Prevailing Central Time)).

**Amended Schedules Bar Date**.  Pursuant to the Bar Date Order, except as described below, all persons or entities holding claims affected by the Debtors filing a previously unfiled schedule of assets and liabilities and schedule of executory contracts and unexpired leases (the "*Schedules*"), or amending or supplementing their Schedules must file proofs of claims so as to be **received on or before the Amended Schedules Bar Date**.

**Rejection Damages Bar Date**.  Pursuant to the Bar Date Order, except as described below, all persons or entities holding claims for damages arising from the rejection any executory contract or unexpired lease of the Debtors must file proofs of claim with respect to such rejection so as to be **received on or before the Rejection Damages Bar Date**.  Notwithstanding the foregoing, a party to an executory contract or unexpired lease that asserts a claim on account of unpaid amounts accrued and outstanding as of the Petition Date pursuant to such executory contract or unexpired lease (other than a rejection damages claim) must file a proof of claim for such amounts on or before the General Bar Date, the Governmental Bar Date, or the Amended Schedules Bar Date, as applicable.

## INSTRUCTIONS FOR FILING CLAIMS

### I.   WHO MUST FILE

The following persons or entities must file proofs of claim on or before the applicable Bar Date:

    i.    any person or entity whose claim against a Debtor is not listed in the applicable Debtor's Schedules, or is listed in such Schedules as "contingent," "unliquidated," or "disputed," if such person or entity desires to participate in any of these chapter 11 cases or share in any distribution in any of these chapter 11 cases;

    ii.    any person or entity who believes that its claim is improperly classified in the Schedules or is listed in an incorrect amount and who desires to have its claim

---

[3]   Section 503(b)(9) of the Bankruptcy Code provides for an administrative expense claim with respect to the value of any goods received by the debtor within 20 days before the date of commencement of a bankruptcy case in which the goods have been sold to the debtor in the ordinary course of such debtor's business.

4886-8748-2567

allowed in a different classification or amount other than that identified in the Schedules;

iii.   any person or entity who believes that its prepetition claim as listed in the Schedules is not an obligation of the specific Debtor against which the claim is listed and who desires to have its claim allowed against a Debtor other than that identified in the Schedules; and

iv.   any person or entity who believes that its claim against a Debtor is or may be an administrative expense pursuant to section 503(b)(9) of the Bankruptcy Code.

## II.   WHO DOES NOT NEED TO FILE

The Bar Date Order provides that the following persons or entities, whose claims would otherwise be subject to the Bar Dates, need not file proofs of claim in these chapter 11 cases:

i.   any person or entity who has already filed a signed proof of claim against the respective Debtor(s) with the Clerk of the Court or with Stretto, Inc., the Debtors' claims and noticing agent, in a form substantially similar to Official Form 410;

ii.   any person or entity whose claim is listed on the Schedules if:  (a) the claim is **not** scheduled as any of "disputed," "contingent," or "unliquidated;" (b) such person or entity agrees with the amount, nature, and priority of the claim as set forth in the Schedules; and (c) such person or entity does not dispute that its claim is an obligation only of the specific Debtor against which the claim is listed in the Schedules;

iii.   any person or entity whose claim has previously been allowed by order of the Court on or before the applicable Bar Date;

iv.   any person or entity whose claim has been paid in full by the Debtors pursuant to the Bankruptcy Code or in accordance with an order of the Court;

v.   any Debtor having a claim against another Debtor;

vi.   any person or entity whose claim is based on an equity interest in any of the Debtors;

vii.   any current officer or director of any of the Debtors for claims based on indemnification, contribution, or reimbursement;

viii.   any person or entity holding a claim for which a separate deadline is fixed by this Court;

ix.   any person or entity holding a claim allowable under sections 503(b) or 507(a)(2) of the Bankruptcy Code as an expense of administration incurred in the ordinary course; *provided*, *however*, that any person or entity asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must assert such claim by filing a request for payment or a proof of claim on or prior to the General Bar Date;

4

x.  Gordon Brothers, for claims arising from or relating to the DIP Facility, the Prepetition First Lien Term Facility, or the Prepetition First Lien Revolving Facility, respectively; and

xi.  the Office of the United States Trustee for the Northern District of Texas.

**The fact that you have received this notice does not mean that you have a claim or that the Debtors or the Court believe that you have a claim against the Debtors. You should not file a proof of claim if you do not have a claim against any of the Debtors.**

## III.    WHAT TO FILE

Parties asserting claims against the Debtors that arose before the Petition Date, including section 503(b)(9) claims, must use the copy of the proof of claim form (the "***Proof of Claim Form***") included with this notice. The Proof of Claim Form will state, along with the claimant's name: (i) whether the claimant's claim is listed in the Schedules and, if so, the Debtor against which the claimant's claim is scheduled; (ii) whether the claimant's claim is listed as disputed, contingent, or unliquidated; and (iii) whether the claimant's claim is listed as secured, unsecured, or priority. If a claim is listed in the Schedules in a liquidated amount that is not disputed or contingent, the dollar amount of the claim (as listed in the Schedules) also will be identified on the Proof of Claim Form. **If you disagree with any of the information on the Proof of Claim Form regarding your claim, you must correct it on the Proof of Claim Form.** Additional copies of the Proof of Claim Form may be obtained through the Debtors' case website, https://www.cases.stretto.com/kidkraft or by calling Stretto at (855) 469-1713 (Toll Free) or (714) 886-6210 (International).

## IV.    WHEN AND WHERE TO FILE

Persons and entities must file a proof of claim so that it is **received on or before the applicable Bar Date**. Proofs of claim may be submitted: (i) electronically through Stretto's website, using the interface available on such website located at https://www.cases.stretto.com/kidkraft or (ii) by delivering the original proof of claim to:

**If by First-Class Mail, Hand Delivery or Overnight Mail:**
KidKraft, Inc.
Claim Processing Center
c/o Stretto, Inc.
410 Exchange, Suite 100
Irvine, CA 92602

Proofs of claim will be deemed filed when **actually received** by Stretto.

Proofs of claim **may not be delivered via facsimile or electronic mail transmission**. Any facsimile or electronic mail submissions will not be accepted.

Proofs of claim will be collected, docketed, and maintained by Stretto. If you would like a copy of your proof of claim returned to you as proof of receipt, please enclose an additional copy of your proof of claim and a self-addressed postage-paid envelope.

5

All Proof of Claim Forms must be **signed** by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant. The Proof of Claim Form must be completed in English and be denominated in United States currency. You should set forth with specificity the legal and factual basis for the alleged claim and attach to your completed Proof of Claim Form any documents on which the claim is based (or, if such documents are voluminous, attach a summary) or an explanation as to why the documents are not available.

Any person or entity asserting claims against multiple Debtors must file a separate proof of claim with respect to each Debtor. In addition, any person or entity filing a proof of claim must identify on its Proof of Claim Form the particular Debtor against which the person or entity asserts its claim. Any proof of claim filed under the Debtors' jointly administered case number in these chapter 11 cases or that otherwise fails to identify a Debtor shall be deemed as filed **only** against Debtor KidKraft, Inc. If an entity lists more than one Debtor on any one proof of claim, the relevant claims will be treated as filed **only** against the first listed Debtor.

### NO REQUIREMENT FOR STOCKHOLDERS TO FILE PROOFS OF INTEREST

Any entity holding an interest in the Debtors (an "***Interest Holder***"), which interest is based exclusively upon the ownership of: (i) a membership interest in a limited liability company; (ii) common or preferred stock in a corporation; or (iii) warrants or rights to purchase, sell, or subscribe to such a security or interest (any such security or interest being referred to herein as an "***Interest***"), need not file a proof of interest on or before the General Bar Date; *provided*, *however*, that Interest Holders who wish to assert claims against the Debtors that arise out of or relate to the ownership or purchase of an Interest, including claims arising out of or relating to the sale, issuance, or distribution of the Interest, must file a proof of claim by the applicable Bar Date, unless another exception applies.

### CONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM

Pursuant to Bankruptcy Rule 3003(c)(2), any person or entity that is required to file a proof of claim in these chapter 11 cases pursuant to the Bankruptcy Code, the Bankruptcy Rules, or the Bar Date Order with respect to a particular claim against the Debtors, but that fails to do so properly by the applicable Bar Date, shall not be treated as a creditor with respect to such claim for purposes

6

of (i) voting upon any plan in these chapter 11 cases and (ii) distribution from property of the Debtors' estates.

## **ADDITIONAL INFORMATION**

If you require additional information regarding the filing of a claim, you may contact Stretto, Inc. at (855) 469-1713 (Toll Free) or (714) 886-6210 (International) or by submitting an inquiry through the Debtors' case website at https://www.cases.stretto.com/kidkraft.

Stretto cannot advise you how to file, or whether you should file, a claim.  You may wish to consult an attorney regarding this matter.

7

Dated:  June 10, 2024
Dallas, Texas

*/s/  Matthew D. Struble*
**VINSON & ELKINS LLP**

William L. Wallander (Texas Bar No. 20780750)
Matthew D. Struble (Texas Bar No. 24102544)
Kiran Vakamudi (Texas Bar No. 24106540)
2001 Ross Avenue, Suite 3900
Dallas, TX 75201
Tel:  214.220.7700
Fax: 214.999.7787
bwallander@velaw.com; mstruble@velaw.com;
kvakamudi@velaw.com

- and -

David S. Meyer (admitted *pro hac vice*)
Lauren R. Kanzer (admitted *pro hac vice*)
1114 Avenue of the Americas, 32nd Floor
New York, NY 10036
Tel:  212.237.0000
Fax: 212.237.0100
dmeyer@velaw.com; lkanzer@velaw.com

**PROPOSED ATTORNEYS FOR THE
DEBTORS AND DEBTORS IN POSSESSION**

4886-8748-2567

# **Exhibit B**

Name of Debtor & Case Number:

- ☐ KidKraft, Inc.
- ☐ KidKraft Europe, LLC
- ☐ KidKraft Intermediate Holdings, LLC
- ☐ KidKraft International Holdings, Inc.
- ☐ KidKraft Partners, LLC
- ☐ KidKraft International IP Holdings, LLC

- ☐ Solowave Design Corp.
- ☐ Solowave Design Holdings Limited
- ☐ Solowave Design Inc.
- ☐ Solowave Design LP
- ☐ Solowave International Inc.

**United States Bankruptcy Court for the Northern District of Texas**

## Official Form 410

# Proof of Claim

04/22

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. With the exception of administrative expenses arising under 11 U.S.C. §503(b)(9), do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

| Part 1: | Identify the Claim |
| --- | --- |

**1. Who is the current creditor?**

Name of the current creditor (the person or entity to be paid for this claim) _____

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

☐ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| **Where should notices to the creditor be sent?** | **Where should payments to the creditor be sent?** (if different) |
| --- | --- |
| Name _____ | Name _____ |
| Number    Street _____ | Number    Street _____ |
| City          State          ZIP Code | City          State          ZIP Code |
| Contact phone _____ | Contact phone _____ |
| Contact email _____ | Contact email _____ |

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

__ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __

**4. Does this claim amend one already filed?**

☐ No
☐ Yes. Claim number on court claims registry (if known) _____

Filed on _____
MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☐ No
☐ Yes. Who made the earlier filing? _____

| **Part 2:** | **Give Information About the Claim as of the Date the Case Was Filed** |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☐ No

☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____  ____  ____  ____

**7. How much is the claim?**

$_____. **Does this amount include interest or other charges?**

☐ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

_____

**9. Is all or part of the claim secured?**

☐ No

☐ Yes.  The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other. Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:** $_____

**Amount of the claim that is secured:** $_____

**Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:** $_____

**Annual Interest Rate** (when case was filed)_____%

☐ Fixed

☐ Variable

**10. Is this claim based on a lease?**

☐ No

☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $_____

**11. Is this claim subject to a right of setoff?**

☐ No

☐ Yes. Identify the property: _____

| 12. **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**<br><br>A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ No<br>☐ Yes. *Check one:* | **Amount entitled to priority** |
|---|---|---|
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies. | $_____ |
| | * Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment. | |
| 13. **Is all or part of the claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9)?** | ☐ No<br>☐ Yes. **Indicate the amount of your claim arising from the value of any goods received by the Debtor within twenty (20) days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim.** | $_____ |

---

**Part 3:**   **Sign Below**

| The person completing this proof of claim must sign and date it. FRBP 9011(b).<br><br>If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.<br><br>A person who files a **fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.** | *Check the appropriate box:*<br><br>☐ I am the creditor.<br>☐ I am the creditor's attorney or authorized agent.<br>☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.<br>☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.<br><br>I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.<br><br>I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.<br><br>I declare under penalty of perjury that the foregoing is true and correct.<br><br>Executed on date _____<br>  MM / DD / YYYY<br><br><br>_____<br>  Signature<br><br>**Print the name of the person who is completing and signing this claim:**<br><br>Name _____<br>  First name        Middle name        Last name<br><br>Title _____<br><br>Company _____<br>  Identify the corporate servicer as the company if the authorized agent is a servicer.<br><br>Address _____<br>  Number        Street<br><br>_____<br>  City                State    ZIP Code<br><br>Contact phone _____    Email _____ |

# **Exhibit C**

Official Form 410

# Instructions for Proof of Claim

United States Bankruptcy Court                                                                  12/15

**These instructions and definitions generally explain the law. In certain circumstances, such as bankruptcy cases that debtors do not file voluntarily, exceptions to these general rules may apply. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the bankruptcy process and privacy regulations.**

<div style="border:1px solid black; padding:8px;">

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.**
18 U.S.C. §§ 152, 157 and 3571.

</div>

## How to fill out this form

- **Fill in all of the information about the claim as of the date the case was filed.**

- **Fill in the caption at the top of the form.**

- **If the claim has been acquired from someone else, then state the identity of the last party** who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.

- **Attach any supporting documents to this form.**
  Attach redacted copies of any documents that show that the debt exists, a lien secures the debt, or both. (See the definition of *redaction* on the next page.)

  Also attach redacted copies of any documents that show perfection of any security interest or any assignments or transfers of the debt. In addition to the documents, a summary may be added. Federal Rule of Bankruptcy Procedure  (called "Bankruptcy Rule") 3001(c) and (d).

- **Do not attach original documents because attachments may be destroyed after scanning.**

- **If the claim is based on delivering health care goods or services, do not disclose confidential health care information. Leave out or redact confidential information both in the claim and in the attached documents.**

- **A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, individual's tax identification number, or financial account number, and only the year of any person's date of birth.** See Bankruptcy Rule 9037.

- **For a minor child, fill in only the child's initials and the full name and address of the child's parent or guardian.** For example, write *A.B., a minor child* (*John Doe, parent, 123 Main St., City, State*). See Bankruptcy Rule 9037.

## Confirmation that the claim has been filed

To receive confirmation that the claim has been filed, either enclose a stamped self-addressed envelope and a copy of this form or go to https://cases.stretto.com/kidkraft

## Understand the terms used in this form

**Administrative expense:** Generally, an expense that arises after a bankruptcy case is filed in connection with operating, liquidating, or distributing the bankruptcy estate. 11 U.S.C. § 503.

**Claim:** A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Claim Pursuant to 11 U.S.C. §503(b)(9):** A claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of the Debtor's business. Attach documentation supporting such claim.

**Creditor:** A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. §101 (10).

**Debtor:** A person, corporation, or other entity who is in bankruptcy. Use the debtor's name and case number as shown in the bankruptcy notice you received. 11 U.S.C. § 101 (13).

**Evidence of perfection:** Evidence of perfection of a security interest may include documents showing that a security interest has been filed or recorded, such as a mortgage, lien, certificate of title, or financing statement.

**Information that is entitled to privacy:** A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

**Priority claim:** A claim within a category of unsecured claims that is entitled to priority under 11 U.S.C. §507(a). These claims are paid from the available money or property in a bankruptcy case before other unsecured claims are paid. Common priority unsecured claims include alimony, child support, taxes, and certain unpaid wages.

**Proof of claim:** A form that shows the amount of debt the debtor owed to a creditor on the date of the bankruptcy filing. The form must be filed in the district where the case is pending.

**Redaction of information:** Masking, editing out, or deleting certain information to protect privacy. Filers must redact or leave out information entitled to **privacy** on the *Proof of Claim* form and any attached documents.

**Secured claim under 11 U.S.C. §506(a):** A claim backed by a lien on particular property of the debtor. A claim is secured to the extent that a creditor has the right to be paid from the property before other creditors are paid. The amount of a secured claim usually cannot be more than the value of the particular property on which the creditor has a lien. Any amount owed to a creditor that is more than the value of the property normally may be an unsecured claim. But exceptions exist; for example, see 11 U.S.C. § 1322(b) and the final sentence of 1325(a).

Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment may be a lien.

**Setoff:** Occurs when a creditor pays itself with money belonging to the debtor that it is holding, or by canceling a debt it owes to the debtor.

**Uniform claim identifier:** An optional 24-character identifier that some creditors use to facilitate electronic payment.

**Unsecured claim:** A claim that does not meet the requirements of a secured claim. A claim may be unsecured in part to the extent that the amount of the claim is more than the value of the property on which a creditor has a lien.

## Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

**Do not file these instructions with your form.**

# Exhibit D

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § | Case No. 24-80045-11-mvl11 |
| | § | |
| **KIDKRAFT, INC.**, *et al.*, | § | (Chapter 11) |
| | § | |
| Debtors.[1] | § | (Jointly Administered) |
| | § | |
| | § | Re: Docket Nos. 27, 28, 29, 93 |

**NOTICE OF (I) COMBINED HEARING
TO CONSIDER APPROVAL OF DISCLOSURE
STATEMENT AND CONFIRMATION OF PLAN, (II) DEADLINE FOR
FILING OBJECTIONS TO FINAL APPROVAL OF DISCLOSURE STATEMENT
AND CONFIRMATION OF PLAN, AND (III) OTHER RELEVANT INFORMATION**

**PLEASE TAKE NOTICE THAT** on May 10, 2024 (the "***Petition Date***"), KidKraft, Inc. and certain of its affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "***Debtors***") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "***Bankruptcy Code***") in the United States Bankruptcy Court for the Northern District of Texas, Dallas Division (the "***Bankruptcy Court***"). On the Petition Date, the Debtors filed the *Debtors' Joint Prepackaged Chapter 11 Plan* [Docket No. 28] (as may be modified, amended, or supplemented, the "***Plan***") and the *Disclosure Statement for the Debtors' Joint Prepackaged Chapter 11 Plan* [Docket No. 29] (as may be amended, modified, or supplemented from time to time and including all exhibits or supplements thereto, the "***Disclosure Statement***") pursuant to sections 1125 and 1126(b) of the Bankruptcy Code. Copies of the Plan and the Disclosure Statement may be obtained upon request of the Debtors' proposed counsel at the address specified below and are on file with the Clerk of the Bankruptcy Court, 1100 Commerce Street, Dallas, TX 75242 where they are available for review during normal operating hours. The Plan and the Disclosure Statement also are available for inspection on the Bankruptcy Court's website at https://www.txnb.uscourts.gov/ or for review and download free of charge on the Debtors' restructuring website at https://www.cases.stretto.com/kidkraft.[2] Printed copies of

---

[1]   The Debtors in these chapter 11 cases and the last four digits of their respective federal tax identification numbers or Canadian business numbers, as applicable, are: KidKraft, Inc. (3303), KidKraft Europe, LLC (3174), KidKraft Intermediate Holdings, LLC (8800), KidKraft International Holdings, Inc. (2933), KidKraft International IP Holdings, LLC (1841), KidKraft Partners, LLC (3268), Solowave Design Corp. (9294), Solowave Design Holdings Limited (0206), Solowave Design Inc. (3073), Solowave Design LP (7201), and Solowave International Inc (4302). The location of the Debtors' U.S. corporate headquarters and the Debtors' service address is: 4630 Olin Road, Dallas, TX 75244.

[2]   Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Plan or the Disclosure Statement, as applicable. The statements contained herein are summaries of the provisions contained in the Plan and Disclosure Statement and do not purport to be precise or complete statements of all the terms and provisions of the Plan or documents referred therein. To the extent there is a discrepancy between the terms herein

the Plan, the Disclosure Statement, and the other documents filed in these chapter 11 cases may be obtained free of charge by contacting Stretto, Inc., the Debtors' claims, noticing, and solicitation agent ("**Stretto**" or the "**Solicitation Agent**") via (i) telephone at (855) 469-1713 (Toll-Free) or (714) 886-6210 (International) or (ii) email at TeamKidKraft@stretto.com (with "KidKraft Solicitation" in the subject line).

### Hearing on Confirmation of the Plan and Adequacy of the Disclosure Statement

> **YOU ARE ADVISED AND ENCOURAGED TO CAREFULLY REVIEW AND CONSIDER THE PLAN, INCLUDING THE RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, AS YOUR RIGHTS MIGHT BE AFFECTED. CERTAIN RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS MAY AFFECT YOUR RIGHTS REGARDLESS OF WHETHER YOU ARE ENTITLED TO VOTE ON THE PLAN.**
>
> **ANY PERSON WHO OPPOSES THE PLAN, INCLUDING THE RELEASE, EXCULPATION, OR INJUNCTION PROVISIONS SET FORTH THEREIN AND RESTATED BELOW, SHOULD FILE A TIMELY OBJECTION TO THE PLAN IN ACCORDANCE WITH THIS NOTICE.  UNLESS AN OBJECTION IS TIMELY SERVED AND FILED IN ACCORDANCE WITH THIS NOTICE, IT MAY NOT BE CONSIDERED BY THE BANKRUPTCY COURT AT THE COMBINED HEARING.**

The hearing (the "**Combined Hearing**") will be held before the Honorable Judge Larson, United States Bankruptcy Judge, in Courtroom #2, Floor 14 of the United States Bankruptcy Court, 1100 Commerce Street, Dallas, TX 75242, on **June 21, 2024 at 9:30 a.m. (Prevailing Central Time)** to consider the adequacy of the Disclosure Statement, any objections thereto, confirmation of the Plan, any objections thereto, and any other matter that may properly come before the Bankruptcy Court.  Please be advised that the Combined Hearing may be continued from time to time by the Bankruptcy Court or the Debtors without further notice other than by such adjournment being announced in open court or by a notice of adjournment filed with the Bankruptcy Court and served on other parties entitled to notice.

### Information Regarding the Plan

**Voting Record Date**.  The voting record date was May 9, 2024, which was the date for determining which Holders of Claims in Class 3 of the Plan were entitled to vote.

**Objections to the Plan or Disclosure Statement**.  The deadline for filing objections to the Plan or Disclosure Statement is **June 14, 2024, at 5:00 p.m. (Prevailing Central Time)**.  Any objections (each respectively, an "**Objection**") must:  (a) be in writing; (b) comply with the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules of the United States Bankruptcy Court for the Northern District of Texas; (c) state the name and address of the objecting party, the nature and amount of Claims or Interests held or asserted by the objecting party against the

---

and the Plan or Disclosure Statement, the Plan or Disclosure Statement, as applicable, shall govern and control. For a more detailed description of the Plan, please refer to the Disclosure Statement.

Debtors; and (d) state with particularity the legal and factual basis for such objections, and the specific grounds thereof.

Objections must be filed with the Bankruptcy Court and served so as to be **actually received** no later than **June 14, 2024, at 5:00 p.m. (Prevailing Central Time)**, by the following parties:

i.      the Debtors, 4630 Olin Road, Dallas, TX 75244, Attn:  Geoff Walker;

ii.     proposed counsel to the Debtors, Vinson & Elkins LLP, 2001 Ross Avenue, Suite 3900, Dallas, TX 75201, Attn:  Matthew D. Struble, and 1114 Avenue of the Americas, 32nd Floor, New York, New York 10036, Attn:  Lauren R. Kanzer;

iii.    counsel to the administrative agent under the Debtors' prepetition secured credit agreement, Katten Muchin Rosenman LLP, 50 Rockefeller Plaza, New York, NY 10020, Attn:  Cindi M. Giglio;

iv.     counsel to the buyer under the Debtors' prepetition asset purchase agreement, King & Spalding LLP, 245 Park Avenue, 38th Floor, New York, NY 10167, Attn:  Roger Schwartz and Miguel Cadavid;

v.      counsel to MidOcean Partners, Gibson Dunn & Crutcher LLP, 200 Park Avenue, New York, NY 10166, Attn:  Andrew Herman; and

vi.     the Office of the United States Trustee for the Northern District of Texas, 1100 Commerce Street, Room 976, Dallas, TX  75242, Attn:  Meredyth Kippes.

**UNLESS AN OBJECTION IS TIMELY SERVED AND FILED IN ACCORDANCE WITH THIS NOTICE, IT MAY NOT BE CONSIDERED BY THE BANKRUPTCY COURT.**

**AS DESCRIBED ABOVE, YOU ARE ADVISED TO CAREFULLY REVIEW AND CONSIDER THE PLAN, INCLUDING THE RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, AS YOUR RIGHTS MIGHT BE AFFECTED.**

**Summary of Plan Treatment**

The following chart summarizes the treatment provided by the Plan for each Class of Claims against and Interests in the Debtors, and indicates the voting status of each Class:

| Class | Claim or Interest | Treatment | Status | Voting Rights |
|---|---|---|---|---|
| 1 | Other Priority Claims | Except to the extent that a Holder of an Allowed Other Priority Claim agrees to less favorable treatment, in full and final satisfaction of such Allowed Other Priority Claim, each Holder of an Allowed Other Priority Claim will, (i) be paid in full in Cash or (ii) otherwise receive | Unimpaired | Presumed to Accept |

| Class | Claim or Interest | Treatment | Status | Voting Rights |
|---|---|---|---|---|
| | | treatment consistent with the provisions of section 1129(a)(9) of the Bankruptcy Code, payable on the later of the Effective Date and the date that is 10 business days after the date on which such Other Priority Claim becomes an Allowed Other Priority Claim, in each case, or as soon as reasonably practicable thereafter; provided that in no event will the amount paid in the aggregate for Administrative Expense Claims (excluding Professional Fee Claims) in accordance with Article II.A hereof, Priority Tax Claims under Article II.E hereof, and Other Priority Claims under this Article III.B exceed the Administrative Expense Claim, Priority Tax Claim, and Other Priority Claim Backstop Amount. | | |
| 2 | Other Secured Claims | Except to the extent that a Holder of an Allowed Other Secured Claim agrees to less favorable treatment, in full and final satisfaction of such Allowed Other Secured Claim, at the option of Debtors or the Wind Down Estate, as applicable, each Holder will receive either (i) cash equal to the full allowed amount of its claim, (ii) reinstatement of such holder's claim, (iii) the return to or abandonment of the collateral securing such holder's claim, or (iv) such other treatment as may otherwise be agreed to by such Holder and the Debtors. | Unimpaired | Presumed to Accept |
| 3 | Prepetition Secured Party Claims | Except to the extent that the Holder of Prepetition Secured Party Claims agrees to less favorable treatment, in exchange for full and final satisfaction, settlement, release, and discharge of each Allowed Prepetition Secured Party Claim (which satisfaction, settlement, release, and discharge will occur (i) on the Effective Date for all Prepetition Secured Party Claims other than the Wind Down Claims, and (ii) after the orderly wind down of the Debtors and other borrower and guarantors under the Prepetition Credit Agreement for all Wind Down Claims), each Holder of an Allowed Prepetition Secured Party Claim will receive the remaining Distributable Value following payment of Administrative Expense Claims and Priority Tax Claims, DIP Claims, Other Priority Claims, and Other Secured Claims, (which amount may be paid directly by the Purchaser on the Effective Date) on the Effective Date and any Distributable Value that is available for distribution after the Effective Date will be promptly distributed by the Debtors or Wind Down Estate to holders of Prepetition Secured Party Claims. | Impaired | Entitled to Vote |

| Class | Claim or Interest | Treatment | Status | Voting Rights |
|---|---|---|---|---|
| 4 | General Unsecured Claims | On the Effective Date, all General Unsecured Claims will be canceled, released, extinguished and discharged. Holders of General Unsecured Claims will receive no recovery or distribution on account of such claims. | Impaired | Deemed to Reject |
| 5 | Intercompany Claims | All Intercompany Claims will be unaltered and otherwise unaffected by the Plan, or canceled on the Effective Date, in the Debtors' discretion, with the consent of Purchaser. | Unimpaired / Impaired | Presumed to Accept / Deemed to Reject |
| 6 | Intercompany Interests | All Intercompany Interests will be maintained under the Plan, solely for purposes of administrative convenience or canceled on the Effective Date, in the Debtors' discretion, subject to the consent of the Prepetition Secured Parties and the Purchaser. | Unimpaired / Impaired | Presumed to Accept / Deemed to Reject |
| 7 | KidKraft Intermediate Holdings, LLC Interests | All prepetition Interests in KidKraft Intermediate Holdings, LLC will be canceled on the Effective Date and Holders will receive no recovery or distribution on account of their Interests. | Impaired | Deemed to Reject |

## Discharge, Injunctions, Exculpation, and Releases

Please be advised that Article VIII of the Plan contains certain discharge, release, exculpation, and injunction provisions as follows:

## Relevant Definitions

"**Released Party**" means each of the following solely in its capacity as such: (a) the Debtors; (b) the DIP Agent; (c) the DIP Lender; (d) MidOcean; (e) the Prepetition Secured Parties; (f) the Purchaser; and (g) with respect to each of the foregoing under (a) through (f) such Entity and its current and former Affiliates, and such Entity's and its current and former Affiliates' current and former directors, managers, officers, employees, managed accounts and funds, predecessors, successors, assigns, subsidiaries, equity Holders, members, agents, attorneys, accountants, investment bankers, consultants, and other professionals, each solely in their capacity as such.

"**Releasing Party**" means each of the following solely in its capacity as such: (a) all Released Parties; (b) all Holders of Claims who affirmatively cast a timely ballot to accept the Plan; and (c) all Holders of Claims and Interests that were given notice of the opportunity to opt out of granting the releases set forth in Article VIII.F herein but did not otherwise affirmatively opt out of such releases.

"**Exculpated Party**" means each of the following solely in its capacity as such and to the maximum extent permitted by law: (a) the Debtors; and (b) the members of any statutory committee appointed in the Chapter 11 Cases.

4884-8389-8558

## RELEASES BY THE DEBTORS

**Pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, on and after the Effective Date, each Released Party is hereby released and discharged by the Debtors, their Estates, and the Wind Down Estate (as applicable) from any and all Claims, Causes of Action, Avoidance Actions, obligations, suits, judgments, damages, demands, losses, liabilities, and remedies whatsoever (including any derivative claims, asserted or assertable on behalf of the Debtors, their Estates, or the Wind Down Estate), whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, accrued or unaccrued, existing or hereinafter arising, in law, equity, contract, tort, or otherwise, based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the management, ownership, or operation thereof), their Estates, the Wind Down Estate, the Debtors' in- or out-of-court restructuring efforts, the Debtors' intercompany transactions, the Prepetition Credit Agreement Documents, the Note Purchase Agreement Documents, the Professional Services Agreement Documents, the DIP Facility Documents (and any payments or transfers in connection therewith), the Sale Transaction, the purchase, sale, or rescission of the purchase or sale of any Security of the Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the formulation, preparation, dissemination, negotiation, or Filing of the Restructuring Support Agreement, the restructuring of any Claim or Interest before or during the Chapter 11 Cases, or any Restructuring, contract, instrument, document, release, or other agreement or document (including any legal opinion regarding any such transaction, contract, instrument, document, release, or other agreement or the reliance by any Released Party on the Sale Order, the Plan, or the Confirmation Order or Confirmation Recognition Order in lieu of such legal opinion) created or entered into in connection with the Restructuring Support Agreement, the Disclosure Statement, the Plan, the Plan Supplement, the DIP Facility, the DIP Facility Documents, and other documents (including the Definitive Documentation), the Chapter 11 Cases, the filing of the Chapter 11 Cases, the Sales Process, the pursuit of Confirmation, the pursuit of Consummation, the solicitation of votes with respect to the Plan, the administration and implementation of the Plan and the Sales Process, including the issuance or distribution of any property pursuant to the Plan and the Sales Process, the Definitive Documentation, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date related or relating to the foregoing. Notwithstanding anything to the contrary in the foregoing, (i) the releases set forth in Article VIII.E of the Plan do not release any post-Effective Date obligations of any party or Entity under the Plan, including any such obligations created in connection with the Restructuring, (ii) nothing in Article VIII.E of the Plan shall, nor shall it be deemed to, release any Released Party from any Claims or Causes of Action arising from any obligations of any party under the Purchase Agreement; (iii) nothing in Article VIII.E of the Plan shall, nor shall it be deemed to, release any Released Party from any Claims or Causes of Action that are found, pursuant to a Final Order, to be the result of such Released Party's gross negligence, fraud or willful misconduct; (iv) nothing in Article VIII.E of the Plan shall, nor shall it be deemed to, release any Causes of Action specifically enumerated in the List of Retained Causes of Action.**

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the releases by the Debtors set forth in Article VIII.E of the Plan, which includes by reference each of the related provisions and definitions contained herein, and, further, shall constitute the Bankruptcy Court's finding that such releases are: (1) in exchange for the good and valuable consideration provided by the Released Parties; (2) a good faith settlement and compromise of the Claims and Causes of Action released by such releases; (3) in the best interests of the Debtors and their Estates; (4) fair, equitable, and reasonable; (5) given and made after due notice and opportunity for hearing; and (6) a bar to any of the Debtors or their Estates asserting any Claim or Cause of Action released pursuant to such releases.

## RELEASES BY RELEASING PARTIES

As of the Effective Date, each Releasing Party hereby releases and discharges each Debtor, Estate, Wind Down Estate, and Released Party from any and all Claims, Causes of Action, Avoidance Actions, obligations, suits, judgments, damages, demands, losses, liabilities, and remedies whatsoever (including any derivative claims, asserted or assertable on behalf of the Debtors, the Wind Down Estate, or their Estates), whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, accrued or unaccrued, existing or hereinafter arising, in law, equity, contract, tort, or otherwise, that such Releasing Party or its estate, heirs, executors, administrators, successors, or assigns would have been legally entitled to assert in his, her, or its own right (whether individually or collectively) or on behalf of the Holder of any Claim or Interest or other Person, based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the management, ownership, or operation thereof), their Estates, the Wind Down Estate, the Debtors' in- or out-of-court restructuring efforts, the Debtors' intercompany transactions, the Prepetition Credit Agreement Documents, the Note Purchase Agreement Documents, the Professional Services Agreement Documents, the DIP Facility Documents (and any payments or transfers in connection therewith), the Sale Transaction, the purchase, sale, or rescission of the purchase or sale of any Security of the Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Releasing Party, the formulation, preparation, dissemination, negotiation, or Filing of the Restructuring Support Agreement, the restructuring of any Claim or Interest before or during the Chapter 11 Cases, or any Restructuring, contract, instrument, document, release, or other agreement or document (including any legal opinion regarding any such transaction, contract, instrument, document, release, or other agreement or the reliance by any Releasing Party on the Sale Order, the Plan, the Confirmation Order, or the Confirmation Recognition Order in lieu of such legal opinion) created or entered into in connection with the Restructuring Support Agreement, the Disclosure Statement, the Plan, the Plan Supplement, the DIP Facility, the DIP Facility Documents, the related agreements, instruments, and other documents (including the Definitive Documentation), the Chapter 11 Cases, the CCAA Recognition Proceedings, the filing of the Chapter 11 Cases, the filing of the CCAA Recognition Proceedings, the Sales Process, the pursuit of Confirmation, the pursuit of Consummation, the solicitation of votes with respect to the Plan, the administration and implementation of the Plan and the Sales Process, including the issuance or distribution of any property pursuant to the Plan and the Sales Process, the Definitive

Documentation, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date related or relating to the foregoing; provided, however, that except as expressly provided under the Plan, the foregoing releases shall not release obligations of the Debtors on account of any Allowed Claims that are treated under the Plan.  Notwithstanding anything to the contrary in the foregoing, (i) the releases set forth in Article VIII.F of the Plan do not release any post-Effective Date obligations of any party or Entity under the Plan, including any such obligations created in connection with the Restructuring; (ii) nothing in Article VIII.F of the Plan shall, nor shall it be deemed to, release any Released Party from any Claims or Causes of Action arising from any obligations of any party under the Purchase Agreement; (iii) nothing in Article VIII.F of the Plan shall, nor shall it be deemed to, release any Released Party from any Claims or Causes of Action that are found, pursuant to a Final Order, to be the result of such Released Party's gross negligence, fraud, or willful misconduct; and (iv) nothing herein shall, nor be deemed to, release any of the Released Parties from the Prepetition Secured Party Claims up to the Wind Down Amount.  For the avoidance of doubt, nothing in Article VIII.F of the Plan shall, nor shall it be deemed to, release any Causes of Action specifically enumerated in the List of Retained Causes of Action.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the releases by Holders of Claims and Interests set forth in Article VIII.F of the Plan, which includes by reference each of the related provisions and definitions contained herein, and, further, shall constitute the Bankruptcy Court's finding that such releases are:  (1) in exchange for the good and valuable consideration provided by the Released Parties; (2) a good faith settlement and compromise of the Claims and Causes of Action released by such releases; (3) in the best interests of the Debtors and their Estates; (4) fair, equitable, and reasonable; (5) given and made after due notice and opportunity for hearing; (6) an essential component of the Plan and the Restructuring; and (7) a bar to any of the Releasing Parties asserting any Claim or Cause of Action released pursuant to such releases.

## EXCULPATION

Except as otherwise specifically provided in the Plan, no Exculpated Party shall have or incur liability for, and each Exculpated Party is hereby exculpated from, any Claim, Cause of Action, obligation, suit, judgment, damage, demand, loss, or liability for any claim related to any act or omission in connection with, relating to, or arising out of, the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, Filing, or termination of the Restructuring Support Agreement and related prepetition transactions, the Disclosure Statement, the Plan, the Sale Process, the Sale Transaction, the related agreements, instruments, and other documents (including the Definitive Documentation), the solicitation of votes with respect to the Plan, or the Restructuring, or any related contract, instrument, release or other agreement or document (including providing any legal opinion requested by any Entity regarding any transaction, contract, instrument, document, or other agreement contemplated by the Plan or the reliance by any Person on the Sale Order, the Plan or the Confirmation Order or Confirmation Recognition Order in lieu of such legal opinion) created or entered into in connection with the Debtors' in or out-of-court restructuring efforts, the Sale Process, the Disclosure Statement, the Plan, the Restructuring Support

**Agreement, the related agreements, instruments, and other documents (including the Definitive Documentation), the Chapter 11 Cases, the CCAA Recognition Proceedings, the filing of the Chapter 11 Cases, the filing of the CCAA Recognition Proceedings, the Sales Process, solicitation of votes with respect to the Plan, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan and the Sales Process, including the issuance of or distribution of any property pursuant to the Plan and the Sales Process, the related agreements, instruments, and other documents (including the Definitive Documentation), or any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date related to the foregoing, except for claims related to any act or omission that is determined in a Final Order to have constituted fraud, willful misconduct, or gross negligence, but in all respects such Entities shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to the Plan.  The Confirmation Order shall provide that the Exculpated Parties (to the extent applicable) have, and upon completion of the Plan shall be deemed to have, participated in good faith and in compliance with the applicable laws with regard to the solicitation of, and distribution of, consideration pursuant to the Plan and, therefore, are not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan.  For the avoidance of doubt, nothing in Article VIII.G of the Plan shall, nor shall it be deemed to, exculpate any Exculpated Party from any Causes of Action (i) arising from any obligations of any party under the Purchase Agreement; or (ii) specifically enumerated in the List of Retained Causes of Action.**

## INJUNCTION

**Except as otherwise expressly provided in the Plan or for obligations issued or required to be paid pursuant to the Plan or Confirmation Order, all Entities who have held, hold, or may hold Claims, Interests, or Causes of Action that have been released pursuant to Article VIII.E or Article VIII.F of the Plan, discharged pursuant to Article VIII.B of the Plan, or are subject to exculpation pursuant to Article VIII.G of the Plan, are permanently enjoined, from and after the Effective Date, from taking any of the following actions against, as applicable, the Debtors, the Wind Down Estate, the Released Parties, or the Exculpated Parties: (a) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claims, Interests, or Causes of Action; (b) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against such Entities on account of or in connection with or with respect to any such Claims, Interests, or Causes of Action; (c) creating, perfecting, or enforcing any Lien or encumbrance of any kind against such Entities or the property or the estates of such Entities on account of or in connection with or with respect to any such Claims, Interests, or Causes of Action; or (d) asserting any right of setoff, subrogation, or recoupment of any kind against any obligation due from such Entities or against the property of such Entities on account of or in connection with or with respect to any such Claims, Interests, or Causes of Action.  Notwithstanding anything to the contrary in the foregoing, this injunction does not enjoin any party under the Plan or under any document, instrument, or agreement (including the Disclosure Statement or set forth in the Plan Supplement, to the extent finalized) executed to implement the Plan from bringing an**

**action in the Bankruptcy Court to enforce the terms of the Plan or such document, instrument, or agreement (including those attached to the Disclosure Statement or set forth in the Plan Supplement, to the extent finalized) executed to implement the Plan.  Subject in all respects to Article XI of the Plan, no entity or person may commence or pursue a Claim or Cause of Action of any kind against any Released Party or Exculpated Party that arose or arises from, in whole or in part, the Chapter 11 Cases, the CCAA Recognition Proceedings, the Debtors, the Wind Down Estate, the Plan, the Plan Supplement, the Disclosure Statement, the Restructuring Support Agreement, the Sale Process, or any contract, instrument, release, or other agreement or document created or entered into in connection with the Plan, the Disclosure Statement, the Chapter 11 Cases, the CCAA Recognition Proceedings, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the distribution of property under the Plan, or any other related agreement, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date related or relating to the foregoing without the Bankrutpcy Court (i) first determining, after notice and a hearing, that such Claim or Cause of Action represents a colorable Claim or Cause of Action of any kind, including negligence, bad faith, criminal misconduct, willful misconduct, fraud, or gross negligence against a Released Party or Exculpated Party and (ii) specifically authorizing such entity or person to bring such Claim or Cause of Action against any such Released Party or Exculpated Party.  The Bankruptcy Court shall have sole and exclusive jurisdiction to determine whether a Claim or Cause of Action is colorable and, only to the extent legally permissible and as provided for in Article XI of the Plan, shall have jurisdiction to adjudicate the underlying colorable Claim or Cause of Action.**

Dated:  May 15, 2024
Dallas, Texas

/s/     *William L. Wallander*

**VINSON & ELKINS LLP**
William L. Wallander (Texas Bar No. 20780750)
Matthew D. Struble (Texas Bar No. 24102544)
Kiran Vakamudi (Texas Bar No. 24106540)
2001 Ross Avenue, Suite 3900
Dallas, TX 75201
Tel:  214.220.7700
Fax: 214.999.7787
bwallander@velaw.com; mstruble@velaw.com;
kvakamudi@velaw.com

- and -

David S. Meyer (admitted *pro hac vice*)
Lauren R. Kanzer (admitted *pro hac vice*)
1114 Avenue of the Americas, 32nd Floor
New York, NY 10036
Tel:  212.237.0000
Fax: 212.237.0100
dmeyer@velaw.com; lkanzer@velaw.com

**PROPOSED ATTORNEYS FOR THE
DEBTORS AND DEBTORS IN POSSESSION**

4884-8389-8558